UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONICA PRISCILA SANCHEZ BUENO,                    Civ. Action No.:

                Plaintiff,

    -against-

BALLET SLIPPERS, INC., and
FRANCESCO PIGNATARO,

                Defendants.
-----------------------------------------------------------X

## COMPLAINT

Plaintiff, MONICA PRISCILA SANCHEZ BUENO ("Plaintiff"), as and for her Complaint against Defendants, BALLET SLIPPERS, INC. and FRANCESCO PIGNATARO (collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. Defendants own and operate Ballet Slippers Spa Lounge located at 576 3rd Avenue, New York, NY 10016.

7. Defendant Ballet Slippers, Inc. ("Ballet Slippers") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. At all relevant times, Ballet Slippers maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9. Ballet Slippers was and continues to be owned, operated, and controlled by Defendant Francesco Pignataro ("Pignataro").

10. Pignataro is a resident of the State of New York.

11. At all relevant times, Pignataro was and continues to be an owner, corporate officer, director, and/or managing agent of Ballet Slippers.

12. At all relevant times, Pignataro exercised operational control over Ballet Slippers, controlled significant business functions of Ballet Slippers, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Ballet Slippers in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

13. At all relevant times, Pignataro participated in running the daily operations of Ballet Slippers and its nail salon.

14. At all relevant times, Pignataro participated in the management and supervision of Plaintiff and her work for Defendants.

15. At all relevant times, Pignataro maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

16. Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a nail technician.

17. Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

19. Plaintiff was employed by Defendants as a nail technician from on or about August 2012 until February 2019.

20. During Plaintiff's employment, Plaintiff was employed as a nail technician for the benefit of and at the direction of Defendants at their nail salon.

21. During the last three years of her employment, Plaintiff had the following schedule: From the beginning of June through August and from the middle of December to February each year, Plaintiff worked 6 days a week from 11:00 a.m. to 9:00 p.m.

22. During this time, Plaintiff worked 60 hours each week.

23. During this time, Defendant paid Plaintiff by the day.

24. During this time, Plaintiff either signed in or punched in at the beginning of each shift and either signed out or punched out at the end of each shift.

25. During this time, Plaintiff was not given and did not take uninterrupted meal breaks of more than 15 minutes.

26. During this time, Plaintiff worked at least 60 hours a week.

27. During this time, Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) each week.

28. During this time, Defendants did not pay Plaintiff at least one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per week.

29. During this time, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

30. During her employment, Defendants failed to provide Plaintiff with appropriate wage notices as required by NYLL section 195(1).

31. During her employment, Defendants improperly deducted from Plaintiff's pay up to an hour each day for meal breaks that she never took.

32. Pignataro hired Plaintiff.

33. Pignataro determined the job duties that Plaintiff performed each day.

34. Pignataro supervised Plaintiff's duties each day.

35. Pignataro set Plaintiff's work schedule each week.

36. Pignataro determined the hours that Plaintiff worked each day and week.

37. Pignataro determined the manner in which Plaintiff was paid each week.

38. Pignataro determined Plaintiff's rate(s) of pay.

39. Pignataro ran the day-to-day operations of Ballet Slippers during Plaintiff's employment.

40. Defendants managed Plaintiff's employment, including the amount of overtime worked.

41. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

42. Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of overtime compensation to which she was entitled under the law.

43. Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

44. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

46. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

47. At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, supplies, and equipment that originated outside of the State of New York.

48. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2018 and 2019 was not less than $500,000.00.

49. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

54. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

55. Defendants did not act in good faith with respect to the conduct alleged herein.

56. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

60. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

61. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

62. Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the exemptions available thereunder.

63. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

64. Defendants did not act in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include,

7

among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

68. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

69. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## SECTIONS 191 AND 198

69. That Defendants suffered and permitted Plaintiff to work for them for several hours each week without paying Plaintiff her regular rate of pay or any compensation at all.

70. That Defendants repeatedly accepted the fruits of Plaintiff's labor for several hours each week without paying Plaintiff her regular rate of pay or any compensation at all.

71. That Defendants improperly deducted up to an hour a day from Plaintiff's pay for meal breaks that Plaintiff never took.

72. Defendants' failures to pay Plaintiff for all the hours she has worked each week constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

73. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

74. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

75. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

  2. Willfully violated the provisions of the NYLL by failing to pay overtime compensation and regular wages to Plaintiff;

  3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements and wage notices;

B. Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 1, 2021

/s/ Neil H. Greenberg

Neil H. Greenberg, Esq.
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Ballet Slippers INC., Francisco Pignataro** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **Ballet Slippers INC., Francisco Pignataro** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:** Massapequa, NY
2/11/2021

**Firma:** _____
Monica Priscila Sanchez Bueno