## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, MONICA PRISCILA SANCHEZ BUENO ("Plaintiff") and, on the other hand, BALLET SLIPPERS, INC. and FRANCESCO PIGNATARO (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each party a "Party").

**WHEREAS**, on or about March 2, 2021, Plaintiff initiated legal action against Defendants in the United States District Court for the Southern District of New York (the "Court"), entitled *Sanchez Bueno v. Ballet Slippers, Inc., et al.*, 21-cv-1765 (GWG) (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Complaint, Plaintiff has alleged, among other things, that Defendants failed to pay her overtime and regular wages due in connection with services that she performed on Defendants' behalf and failed to provide her with wage notices and wage statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.      **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that she will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to her represents all alleged unpaid overtime, regular wages, and other alleged damages relating to her FLSA and NYLL claims from the commencement of her employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2.      **Settlement Amount and Payment:**

a.      As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Thirty-Thousand Dollars and Zero Cents ($30,000.00) ("Settlement Amount") as follows:

i.      Beginning on March 1, 2022 and continuing for an additional seven (7) consecutive months thereafter, on the first day of each such month, Defendants shall make a monthly payment to Plaintiff, each payment totaling Three-Thousand Seven-Hundred Fifty Dollars and Zero Cents ($3,750.00), for a total of eight (8) such monthly payments. Each monthly payment shall be made as follows:

> A.      a check made payable to "MONICA PRISCILA SANCHEZ BUENO" in the gross amount of One-Thousand Two-Hundred Fourteen Dollars and Fifty-Six Cents ($1,214.56), representing payment of alleged unpaid wages, from which applicable tax withholdings and deductions will be made. The Parties agree that Defendants shall report such amount as income to Plaintiff on an IRS Form W2;

> B.      a check made payable to "MONICA PRISCILA SANCHEZ BUENO" in the total amount of One-Thousand Two-Hundred Fourteen Dollars and Fifty-Seven Cents ($1,214.57), representing payment of liquidated damages, statutory damages, and interest. The Parties agree that Defendants shall report such amount as income to Plaintiff on an IRS Form 1099-MISC with box number 3 checked;

> C.      a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of One-Thousand Three-Hundred Twenty Dollars and Eighty-Seven Cents ($1,320.87), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099-MISC.

b.      For the avoidance of doubt, of the amounts represented in Sub-Paragraph (i) above, Plaintiff shall receive a total of Nineteen-Thousand Four-Hundred Thirty-Three Dollars and Zero Cents ($19,433.00), less the required taxes for the W2 potions of the settlement payments, and Neil H. Greenberg & Associates, P.C. shall receive Ten-Thousand Five-Hundred Sixty-Seven Dollars and Zero Cents ($10,567.00).

c.      The monthly payments set forth in this Paragraph shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

d.      In the event any payments become due prior to the Court granting Plaintiff's Motion for Settlement Approval of a FLSA Action ("Plaintiff's Motion for Settlement Approval"), Defendants' counsel shall hold such payments in escrow. Upon the Court granting Plaintiff's Motion for Settlement Approval, Defendants' counsel shall cause all payments held in escrow to be delivered pursuant to Paragraph 2(c) within seven (7) days from the Judicial Approval of this Agreement.

e.      Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or

other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to her FLSA and NYLL claims.

       f.    Defendants agree that the Court may retain jurisdiction over this Action to enforce this Agreement and the payment set forth in this Paragraph.

**3.**    **Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, regular wages, liquidated damages, statutory penalties, interest, and attorneys' fees and disbursements, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges, and retained gratuities, under the wage and hour provisions of the FLSA, the NYLL,  the Wage Theft Prevention Acts, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined in Paragraph 12 below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against (i) Ballet Slippers, Inc., and its current and former parents, subsidiaries, divisions, branches, and assigns, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, and fiduciaries; and (ii) Francesco Pignataro, in his individual and corporate capacities, and his heirs, executors, administrators, successors, and assigns (collectively referred to as the "Releasees"), and releases and forever discharges Releasees with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against the Releasees from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

**4.**    **Failure to Make Timely Payment:**

       a.    If Defendants fail to timely pay any portion of the Settlement Amount as set forth in Paragraph 2 above ("Default"), Plaintiff shall serve a written Notice of Default on Defendants, pursuant to Paragraph 22 below. Defendants shall have ten (10) days from the service of the Notice of Default (the "Cure Period") to cure any such Default.

       b.    If Defendants fail to cure any Default within the Cure Period, the Settlement Amount set forth in Paragraph 2 will automatically increase to Forty-Five-Thousand Dollars and Zero Cents ($45,000.00), less any payments made to date ("Default Amount"), and become due immediately. Plaintiff will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of the Default Amount.

       c.    Defendant FRANCESCO PIGNATARO shall execute an Affidavit of Judgment by Confession, in the form attached hereto at Exhibit A, on behalf of himself and on behalf of Defendant BALLET SLIPPERS, INC. The Affidavit of Judgment by Confession shall be held in escrow by Plaintiff's legal counsel, Neil H. Greenberg & Associates, P.C., and the original and any photocopies/duplicates of same shall be returned to Defendants' legal counsel or destroyed upon the completion of the payments by Defendants as set forth Paragraph 2 above.

5.    **Third-Party Beneficiary:** Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

6.    **Covenant Not to Sue:**  Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

7.    **Filing of Stipulation of Dismissal with Prejudice:** Defendants hereby authorize their counsel to execute a Stipulation of Dismissal with Prejudice, in the form attached hereto as Exhibit B, on their behalf, which will be held in escrow by Plaintiff's counsel until this Agreement receives judicial approval. Plaintiff hereby authorizes her counsel to execute the Stipulation of Dismissal with Prejudice on her behalf and file it with the Court upon receiving such approval.

8.    **Taxes:** On or about January 31, 2023, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form W-2 and an IRS Form 1099-MISC for the Settlement Amount reflecting payment to Plaintiff of that portion of the Settlement Amount which was received by her in the prior calendar year. Plaintiff expressly acknowledges and agrees that she is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by her with respect to the Settlement Amount. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any. Plaintiff acknowledges that she has not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

9.    **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.    **No Pending Claims:** Plaintiff hereby represents that other than this Action, she has no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the Parties with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

- 4 -

**11.** <u>**Choice of Law and Forum:**</u> This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in New York County, New York or the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

**12.** <u>**Effective Date:**</u> This Agreement shall become effective as of the date the Court grants Plaintiff's Motion for Settlement Approval. In the event the Court does not grant Plaintiff's Motion for Settlement Approval, this Agreement will be null and void.

**13.** <u>**Entire Agreement:**</u> The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, promises, understandings, or representations, whether oral or written, express or implied, between the Parties hereto. There is no other agreement except as stated herein. Each Party acknowledges that the other has made no promises other than those contained in this Agreement.

**14.** <u>**Severability:**</u> The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**15.** <u>**Modification and Waiver:**</u> This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

**16.** <u>**Neutral Construction and Fair Meaning:**</u> Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

**17.** <u>**Assignment of Claims:**</u> Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**18.** <u>**Counterparts:**</u> This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall

constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**19.** **Headings:**  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**20.** **Facsimile, Email, and Electronic Signatures:**  A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

**21.** **Competence and Authority to Execute Agreement:**  The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**22.** **Notices:**  Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via USPS First Class Mail. Notice shall be deemed served from the date of such mailing. If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| Plaintiff | Defendants |
|---|---|
| Keith E. Williams, Esq.<br>Neil H. Greenberg & Associates, P.C.<br>*Attorneys for the Plaintiff*<br>4242 Merrick Road<br>Massapequa, New York 11758<br>keith@nhglaw.com<br>cc: nhglaw@nhglaw.com | Younghoon Ji, Esq.<br>Ahne & Ji, LLP<br>*Attorneys for the Defendants*<br>45 East 34th Street, 5th Floor<br>New York, New York 10016<br>yji@ahnejillp.com |

**[REMAINDER OF PAGE LEFT BLANK]**

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____     Dated: _____

**MONICA PRISCILA SANCHEZ BUENO**

*Francesco Pignataro*                 Dated: 02/08/2022
_____            _____
**BALLET SLIPPERS, INC.**
By: Francesco Pignataro

*Francesco Pignataro*                 Dated: 02/08/2022
_____            _____
**FRANCESCO PIGNATARO**

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:


_____        Dated: _2/8/2022_____
MONICA PRISCILA SANCHEZ BUENO


_____        Dated: _____
BALLET SLIPPERS, INC.
By: Francesco Pignataro


_____        Dated: _____
FRANCESCO PIGNATARO

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

MONICA PRISCILA SANCHEZ BUENO,                          **21-cv-01765 (GWG)**

             Plaintiff,                          **AFFIDAVIT FOR JUDGMENT BY**
                                              **CONFESSION**

    -against-

BALLET   SLIPPERS,   INC.   and
FRANCESCO PIGNATARO,

             Defendants.
--------------------------------------------------------X

FRANCESCO PIGNATARO, being duly sworn, deposes and says:

    1.     I reside at ███████████ REDACTED ███████████.

    2.     I am the Individual Defendant named in the above-captioned action (the "Action").

    3.     I am a principal and authorized agent of Defendant, BALLET SLIPPERS, INC. ("Ballet Slippers"), named in the Action. Collectively, Ballet Slippers and I are referred to herein as Defendants.

    4.     I am duly authorized to make this affidavit in support of the application of Plaintiff, MONICA PRISCILA SANCHEZ BUENO ("Plaintiff"), for the entry of a Judgment by Confession against me, individually, and against Ballet Slippers, jointly and severally, pursuant to the terms of a certain Settlement Agreement and Release between the parties (the "Settlement Agreement").

    5.     I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of New York, State of New York, upon the occurrence of the following events: (i) a Default by Defendants in the timely payment of any portion of the Settlement Amount (defined below) to Plaintiff; (ii) service of a Notice of

Default pursuant to the Settlement Agreement; and, (iii) failure of Defendants to cure such Default within the ten-day Cure Period, as defined in the Settlement Agreement.

6.      Upon the occurrence of the events set forth in Paragraph 5 above, I hereby confess judgment in favor of Plaintiff, including her heirs, executors, administrators, or assigns, and against BALLET SLIPPERS, INC. and FRANCESCO PIGNATARO, jointly and severally, for the sum of Forty-Five-Thousand Dollars and Zero Cents ($45,000.00), less any payments made to date by Defendants pursuant to the Settlement Agreement entered into between the Parties in the Action.

7.      This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

a.      In or about February 2022, Defendants in the Action agreed to pay Plaintiff the total sum of Thirty-Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with prejudice, and the Parties thereto executed the Settlement Agreement;

b.      The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Settlement Agreement, upon the occurrence of a Default, and following Notice of Default and failure of Defendants to cure such Default within the Cure Period, as defined in the Settlement Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Forty-Five-Thousand Dollars and Zero Cents ($45,000.00), less any payments made to date, as defined in the Settlement Agreement;

c.      Under the terms of the Settlement Agreement, FRANCESCO PIGNATARO agreed to execute the instant Affidavit for Judgment by Confession on behalf of himself and BALLET SLIPPERS, INC., to be held in escrow by Plaintiff's attorneys, Neil H. Greenberg & Associates, P.C.;

d.      Plaintiff agreed that prior to entering any Judgment by Confession, Plaintiff would serve a written Notice of Default on Defendants' counsel of record in the Action;

e.      Plaintiff further agreed that such Notice of Default would provide Defendants ten (10) days to cure any such default and that Plaintiff will not

be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten-day period.

8.      In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, Defendants agree to pay and be indebted to Plaintiff for (i) reasonable attorneys' fees and costs incurred in entering and enforcing the Judgment; and, (ii) interest on the Judgment.

9.      This Affidavit for Judgment by Confession is not for the purpose of securing Plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

10.      Entry of Judgment herein may be made upon the submission of an Affidavit by Plaintiff, or his counsel, stating that a Default has occurred under the terms of the Settlement Agreement, that Plaintiff has served a Notice of Default upon Defendants' counsel of record in the Action, and that Defendants have failed to cure the Default within the Cure Period, and properly setting forth the Judgment Amount, less any payments made.

Dated: New York, New York
        _____, 2022

_____
Francesco Pignataro, individually, and on
behalf of Ballet Slippers, Inc.


STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF _____      )

        On _____, 2022, before me personally came Francesco Pignataro, to me known, and known to me to be the individual described herein, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MONICA PRISCILA SANCHEZ BUENO,                          **21-cv-01765 (GWG)**

                    Plaintiff,                          **STIPULATION OF DISMISSAL**
                                                  **WITH PREJUDICE**

     -against-

BALLET      SLIPPERS,      INC.      and
FRANCESCO PIGNATARO,

                    Defendants.
-------------------------------------------------------X

       **IT IS STIPULATED AND AGREED** by and between the undersigned counsel for

Plaintiff and Defendants that this action is hereby dismissed with prejudice pursuant to Rule

41(a)(2) of the Federal Rules of Civil Procedure and without costs or fees to either party;

Dated: Massapequa, New York                Dated: Westhampton Beach, New York
      _____ \_\_\_, 2022                          February \_\_\_, 2022

Neil H. Greenberg & Associates, P.C.        Ahne & Ji, LLP


_____        _____
By: Keith E. Williams, Esq.                 By: Younghoon Ji, Esq.
*Attorneys for the Plaintiff*                 *Attorneys for the Defendants*
4242 Merrick Road                           45 East 34th Street, 5th Floor
Massapequa, New York 11758                  New York, New York 10016
Tel: 516.228.5100                           Tel: 212.594.1035
keith@nhglaw.com                            yji@ahnejillp.com



**SO, ORDERED:**


_____
Hon. Gabriel W. Gorenstein, U.S.M.J.